IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA



Richmond Division

IN RE: INDICTMENT

**UNDER SEAL**

Case No. 3:22cr 101

## GOVERNMENT'S MOTION TO SEAL INDICTMENT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of

the Local Criminal Rules for the United States District Court for the Eastern District of Virginia,

asks for an Order to Seal the indictment until the defendant is arrested on the chargese set forth

therein and brought to federal court for an initial appearnce.

**I.      REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The United States Postal Inspection Service is investigating a financial fraud

scheme occurring within the Eastern District of Virginia, to include an investigation into the

defendant, who is linked to the misappropriation of dozens of other indivduals' and businesses'

sensitive information, and the use of that information to create fraudulent checks worth a total of

more than $1,200,000.00.

2.      Disclosure of the indictment would alert the defendant to the pending charges

against him, and create the significant risk that the defendant—who has been known to possess

false identification documents from multiple states; significant amounts of U.S. currency; and

firearms despite his status as a convicted felon—will either move to evade law enforcement or

take action against potential witnesses again him.

**II.  REFERENCE TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

    3.    The Court has the inherent power to seal indictments.  *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely.  *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

**III.  PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

    4.    The indictment would need to remain sealed until the defendant makes his initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure. The United States will move to unseal the sealed materials as soon as sealing is no longer necessary.

    6.    The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the indictment, this Motion to Seal, and the proposed Order be sealed until the defendant makes his initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:

Thomas A. Garnett
Assistant United States Attorney