# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL R. BERKLEY,<br><br>*Defendant*. | Case No. 3:22-cr101-MHL |

## RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

The United States of America, by Jessica D. Aber, United States Attorney, and Thomas A. Garnett and Kenneth R. Simon, Jr., Assistant United States Attorneys, files this Response in Opposition to the Defendant's *Motion for Revocation of Detention Order and Request for Expedited Hearing* (Dk. No. 29). The United States continues to oppose the defendant's release, and respectfully submits that the Magistrate Judge's determination that no condition or combination of conditions could reasonably assure the safety of the community or the defendant's appearance at subsequent proceedings (*see* Dk. No. 14) was (and remains) supported by overwhelming evidence.

### Argument

In support of this position, the United States submits the following:

1. The defendant was indicted by an Eastern District of Virginia grand jury on July 14, 2022. The grand jury returned an eight-count indictment against the defendant, charging him with Conspiracy to Commit Bank Fraud (Count 1), Bank Fraud (Counts 2 – 4), Aggravated Identity Theft (Counts 5 – 7), and Illegal Transactions with an Access Device (Count 8).

2. The defendant was arrested on July 14, 2022. The United States moved for detention on the grounds of both public safety and risk of flight, and Magistrate Judge Mark R. Colombell conducted a detention hearing on July 25.[1] During that two-hour hearing, the United States called a law enforcement witness and presented evidence.[2] The Pretrial Services Report and the evidence presented by the United States during that hearing established the following.

    a. Pertinent to the defendant's risk of flight, that, *inter alia*:

        i. The defendant's criminal record included convictions for Failure to Appear, Identity Theft, and Fleeing and Eluding (*see* Dk. No. 11, Pretrial Services Bond Report, 4-10)[3];

        ii. The defendant has been repeatedly convicted of new offenses while on terms of supervised release and good behavior (*Id.*);

        iii. A recent search of an apartment utilized by the defendant uncovered numerous fraudulent identification documents bearing the defendant's photograph but the personal identifying information of other individuals (specifically, three fraudulent Maryland Driver's Licenses); debit cards in the names of other individuals; and mailings in the names of numerous other individuals (but addressed to the singular location of the apartment utilized by the defendant);

        iv. Photographs taken during the defendant's arrest showed the defendant's

---

[1] The United States has ordered a transcript of the detention hearing, and will provide that transcript to the Court and defense counsel upon receipt.

[2] The list of the United States' exhibits is available at Dk. No. 12-1 ("*Witness and Exhibit Sheet*").

[3] The United States notes—and concurs with—the U.S. Probation Office's assessment that "[t]here is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community," and its corresponding recommendation that "the defendant be detained." Dk. No. 11, at 10.

possession of an additional fraudulent Illinois Driver's License (with, again, the defendant's photograph but the personal information of another individual), as well as debit and/or credit cards in the names of other individuals;

v. Photographs posted on the defendant's Instagram account displayed his possession of large amounts of personal and business checks made out to (and likewise, drafted on the accounts of) other individuals or entities;

vi. Photographs posted on the defendant's Instagram page showed the defendant in possession of enormous stacks of United States currency;

vii. Review of the defendant's Pretrial Services Report demonstrates the defendant's inability to provide specifics or documentary evidence to support any claim of legitimate employment and/or source of income;

viii. Photographs recovered from the defendant's Instagram account evidenced the defendant's stated intention to violently resist arrest, including postings that showed (1) the defendant holding a firearm with the inserted caption "And I ain't going," and (2) a post with the caption "If it's my time ima make sure I look sweet as hell on the news hitting before I go" [sic]; and

ix. The weight of the evidence against the defendant was extremely strong, and includes (1) bank ATM surveillance video footage of the defendant personally depositing fraudulent checks into co-conspirators' bank accounts, and then using those co-conspirators' ATM cards to withdraw the fraudulently-credited funds; (2) evidence that the Internet Protocol address used to create many of these fraudulent checks was registered to the

defendant's (then) girlfriend at the girlfriend's Fort Belvoir apartment; (3) evidence that in some instances, that IP address was used to produce certain fraudulent checks just minutes before the defendant appeared on bank surveillance footage depositing those same fraudulent checks; (4) postings on the defendant's Instagram account that included photographs of the ATM deposit slips generated by the defendant's deposit of those fraudulent checks; (5) and the defendant's post-*Miranda* admissions to law enforcement regarding his involvement in illicit check-cashing activity.

b. Pertinent to the defendant's risk of danger to the community, that, *inter alia*:

   i. The defendant's criminal record includes convictions for Assault with a Dangerous Weapon/Gun, Assault with a Deadly Weapon, Illegal Possession of a Firearm, Transport Handgun on Roadway, and Accessory After the Fact to Murder; the defendant also faces pending fraud charges in two separate jurisdictions (Dk. No. 11, 4-10);

   ii. The defendant has continued to possess firearms despite his status as a multi-time convicted felon, as evidenced by photographs posted on the defendant's Instagram page reflecting the defendant's possession of numerous firearms, to include a handgun with an extended magazine and an assault-type rifle;

   iii. The defendant aided and abetted his (then) girlfriend's straw purchase of a firearm and accompanying ammunition in January 2022 (which firearm was recovered from the defendant's jacket during the defendant's arrest some three weeks later);

>       iv. The defendant's continued (and very recent) involvement in bank fraud activities, to include his deposit of two apparently fraudulent checks into a bank account in the defendant's own name in July 2022; and
>
>       v. The defendant's stated intent to violently resist arrest (*see supra*, at 2.b.vii).

3. After considering this evidence, Magistrate Judge Colombell entered an Order of Detention, ruling that "the defendant must be detained pending trial because the Government" had proven both that (1) "by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," and (2) "By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." Dk. No. 14, at 2. The Magistrate Judge detailed no fewer than *nine* independent reasons underpinning the Court's conclusions. *Id.*, 2-3.

4. While a defendant is entitled to a *de novo* district court review of the Magistrate Court's detention determination,[4] the district court need not conduct a second evidentiary hearing and may rely upon a transcript of the detention hearing before the magistrate judge. *See*, *e.g.*, *United States v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985) ("Moreover, in most cases, a trial court's review of a transcript of proceedings would, either as part of a de novo detention hearing, or as part of a review of a detention order under 18 U.S.C. § 3145(b) be sufficient to withstand appellate review."); *United States v. Boyd*, 484 F. Supp. 2d 486, 487 (E.D. Va. 2007); *United States v. Woodward*, No. 2:21-CR-122, 2021 WL 5985170, at *2 (E.D. Va. Dec. 16, 2021) (concluding that the district court could resolve a defendant's motion to revoke the magistrate judge's detention order on the parties' papers, without a hearing).

---

[4] *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989).

5.      Accordingly, the United States respectfully submits that this Court's review of the transcript of the July 25, 2022 detention hearing before Magistrate Judge Colombell (as well as the accompanying exhibits entered by the United States during the course of that proceeding) overwhelmingly establishes the correctness of Magistrate Judge Colombell's ruling (consistent with United States Probation Office's assessment) that no conditions exist that can reasonably assure the safety of the community or the defendant's appearance at subsequent proceedings.

## **Conclusion**

For the foregoing reasons, the United States respectfully requests that Court deny the defendant's motion.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Thomas A. Garnett
VSB Bar No. 86054
Kenneth R. Simon, Jr.
VSB Bar No. 87998
Assistant United States Attorneys
United States Attorney's Office
919 East Main St., Suite 1900
Richmond, VA 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Thomas.A.Garnett@usdoj.gov