IN THE
UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 3:22-cr-00101 |
| | : | |
| MICHAEL RAFEAL BERKLEY, | : | |

MOTION TO WITHDRAW AS COUNSEL

COMES NOW counsel for Michael R. Berkley ("the Defendant" or "Mr. Berkley") Vaughan C. Jones ("Counsel") and moves to withdraw as counsel pursuant to Rule 1.16(a-b) Virginia Rules of Professional Conduct. In support of that request, Counsel and Mr. Berkley state the following:

1. Mr. Berkley retained undersigned Counsel on September 5, 2022. Counsel has competently represented Mr. Berkley from that time until the present date. On September 19, 2022, this Court ordered that due to complex nature of these proceedings the ends of justice required the case to be continued for trial to occur on January 9, 2023;

2. The government provided Counsel with more than 3000 pages of discovery and thousands of digital images of discovery. Counsel has spent weeks reviewing this evidence and preparing a coherent defense;

3. Counsel has spoken to Mr. Berkley in this matter in person on three occasions and by phone weekly since September. Without revealing attorney client privileged strategy communications, Counsel and Mr. Berkley have considered numerous

legal and trial strategies. Counsel's defense and review of discovery has been delayed and distracted by requested pursuit investigation and research of requested legal theories and motions. Counsel has declined to pursue certain legal arguments for ethical reasons. In contrast to attorney client communication, and against the advice of Counsel, Mr. Berkeley has unilaterally contacted this Court on multiple occasions. Counsel explicitly avoids revealing any protected communications between himself and Mr. Berkley.

4. On November 8, 2022, Counsel met with Mr. Berkley. On November 14, 2022, Mr. Berkley submitted a request to this Court inaccurately asserting that (1) he had not communicated with undersigned counsel and (2) asking to proceed pro se. Mr. Berkley now indicates he wishes to terminate Vaughan C. Jones as his attorney;

5. Rule 1.16 of the Virginia Rules of Professional Conduct provides that a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client… if the lawyer is discharged. *See VRPC Rule 1.16(a)(3)*. In the instant case, Mr. Berkley unequivocally indicates his intention to terminate Counsel's representation. Counsel has taken steps to protect Mr. Berkley's interests, including: giving reasonable notice to the client, and appropriately handling Mr. Berkley's records. Counsel will continue representation until ordered to terminate by this Court.

6. The Fourth Circuit Court of Appeals recently outlined the factors it considers when deciding whether a district court has abused its discretion in denying a motion to withdraw or to substitute counsel. United States v. Blackledge, 751 F.3d 188 (4th Cir., 2014). The Fourth Circuit will review: (1) timeliness of the motion; (2)

adequacy of the court's inquiry; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." See Id., at 751 F.3d at 195, citing United States v. Gallop, 838 F.2d 105, 108 (4th Cir.1988) (internal citations omitted). Counsel asserts that these issues support Counsel's withdrawal from representation.

7. TIMELINESS: In considering the issue of timeliness when a defendant requests substitution of counsel, 'the court is entitled to take into account the ... public interest in proceeding on schedule.' United States v. Mullen, 32 F.3d 891, 895 (4th Cir.1994). In the instant case, Counsel files the present motion more than 6 weeks prior to the scheduled trial. Counsel files this notice within 24 hours of receipt request made by Mr. Berkley. Mr. Berkley explicitly maintains that he wishes to proceed pro se and will be prepared for trial on the scheduled court date. If a new attorney is appointed and requests a continuance, that requested delay would likely be brief and would not greatly inconvenience the Court. Accordingly, the first factor weighs in favor of granting present Counsel's request to withdraw and Mr. Berkley's request for new counsel.

8. INQUIRY INTO THE DEFENDANT'S DISSATISFACTION WITH COUNSEL: "When a defendant raises a seemingly substantial complaint about counsel, the judge 'has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction." Blackledge, 751 F.3d 188 (4th Cir., 2014), citing Mullen at 896

(internal citations omitted). This inquiry into the reasons for a defendant's dissatisfaction with his lawyer is, "necessary for the trial court to determine whether good cause for substitution of counsel exists." Id. The Fourth Circuit requires this Court to, "thoroughly inquire into the factual basis of any conflicts asserted by counsel." Id. In Blacklidge, the Fourth Circuit reversed a district court conviction largely based upon the trial court's failure to conduct an inquiry into the defendant's dissatisfaction with his attorney.

9. To satisfy this prong, Counsel suggests that this Court hold a hearing to inquire the extent to which Counsel and Mr. Berkley have had a break in communication. Counsel is willing to appear at the Court's earliest convenience to explore issues that have arisen between client and Counsel. Counsel again notes that the privileged nature of communication and trial strategy prevents Counsel from providing additional detail and illustrating elements of this inquiry.

10. THE EFFECT OF ATTORNEY CLIENT CONFLICT: The Court must determine whether the attorney-client conflict is so great that it has resulted in lack of communication that prevents presentation of an adequate defense.  In the instant case, Counsel has remained in consistent contact with Mr. Berkley. Counsel has not committed any errors in representation of Mr. Berkley's case. Nonetheless, a severe breakdown of the effectiveness of attorney-client communications has occurred. Mr. Berkley has clearly indicated his desire to pursue legal arguments that Counsel cannot assert. Mr. Berkley appears prepared to pursue these matters pro se.

WHEREFORE:  For the above stated reasons, Counsel requests that this Court allow Counsel to withdraw from representation of the above styled Defendant.

By: _____/s/_____
         Counsel

By_____/s/_____
Vaughan C. Jones, Esq.
Virginia Bar # 41010
1622 W. Main Street
Richmond, Virginia 23220
(804) 788-8880
(888) 816-0116 fax
vaughan@vaughancjones.com

CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of November, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Kenneth Simon
United States Attorney's Office (Richmond)
SunTrust Building
919 East Main Street
Suite 1900
Richmond Virginia 23219
(804)819-5400
Kennth.Simon2@usdoj.gov

Thomas A. Garnett
United States Attorney's Office (Richmond)
SunTrust Building
919 East Main Street
Suite 1900
Richmond Virginia 23219
(804)819-5400
Thomas.A.Garnett@usdoj.gov


By_____/s/_____
Vaughan C. Jones, Esq.
Virginia Bar # 41010
1622 W. Main Street
Richmond, Virginia 23220
(804) 788-8880
(888) 816-0116 fax
vaughan@vaughancjones.com