# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**UNITED STATES OF AMERICA,**

v.                                                                      **Criminal Case No. 3:22cr101**

**MICHAEL RAFAEL BERKLEY,**

        **Defendant.**

## ORDER REGARDING RULES GOVERNING DECORUM IN THE COURTROOM

This matter comes before the Court *sua sponte*. When appearing in the United States District Court for the Eastern District of Virginia, unless excused by the presiding judge, all counsel and any person in the courtroom—including parties proceeding *pro se*—shall abide by the following:

(1) In presentations before the Court, parties proceeding *pro se* shall observe the same rules of decorum that apply to attorneys.

(2) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall follow the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, the Local Rules for the United States District Court for the Eastern District of Virginia, and all rules of courtroom decorum. Specifically, as to Defendant Berkley, the right to proceed *pro se* is contingent upon his following the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, the Local Rules for the Eastern District of Virginia, and all rules of courtroom decorum.

(3) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall stand as Court is opened, recessed, or adjourned.

(4) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall stand when addressing, or being addressed by, the Court.

(5) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall stand at the lectern while speaking to the Court or when examining any witness.

(6) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall not testify from the lectern. If Defendant Berkley wishes to offer his version of events, he must do so, under oath, from the witness stand. Of course, Defendant

Berkley is not required to offer any evidence, to testify, or even to question the government's witnesses in this criminal matter.

(7) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall not present exhibits to witnesses or the Court. Only the courtroom security officer shall be allowed to present exhibits to the witnesses or the Court.

(8) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall stand at the lectern while making opening statements or closing arguments.

(9) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall avoid disparaging personal remarks or acrimony toward opposing counsel, the Court, litigants, witnesses, or any person in the courtroom.

(10) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall refer to all persons, including witnesses, other counsel, and the parties by their surnames and not by their first or given names.

(11) In examining a witness, counsel or any party proceeding *pro se* shall not repeat or echo the answer given by the witness.

(12) Only one attorney for each party, or any party acting *pro se*, shall examine or cross-examine each witness. The person stating objections (if any) during direct examination shall be the attorney or party acting *pro se* recognized for cross-examination.

(13) All counsel and any person in the courtroom, including any party proceeding *pro se*, shall request permission before moving anywhere in the courtroom.

(14) Any paper or exhibit not previously marked for identification should first be submitted to the Clerk for marking before it is presented to a witness. Any exhibit offered into evidence should, at the time of such offer, be handed to opposing counsel.

(15) In making objections, counsel or any party proceeding *pro se* should briefly state only the legal grounds therefore without further elaboration unless explanation is requested by the Court.

(16) Once an objection has been ruled upon, no party may continue to re-argue that objection.

(17) In opening statements and in arguments to the jury, counsel, or any party proceeding *pro se*, shall not express personal knowledge or opinion concerning any matter in issue.

(18) Counsel, or any party proceeding *pro se*, may not state a factual assertion unsupported by sworn evidence in front of the jury via questioning, objection, or any argument.

(19) Counsel, or any party proceeding *pro se*, shall instruct all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses or at any other time, are absolutely prohibited.

(20) All counsel, and any party proceeding *pro se*, shall dress in an appropriate manner consistent with the requirements of decorum and dignity appropriate to the courtroom.

The standards set forth above are minimal, not all-inclusive, and are intended to supplement, not supplant or limit, the ethical obligations of counsel under the Rules of Professional Conduct, and the obligations of any party seeking to appear *pro se*. If Defendant Berkley refuses to abide by any of these rules, he can be found in contempt, or, under certain circumstances, the trial can continue without his presence in the courtroom.

Further, the Court may at any time announce and enforce additional requirements or prohibitions, or it may excuse compliance with any one or more of these standards.

The Clerk is directed to provide a copy of this Order to Defendant Berkley and to all counsel of record.

It is SO ORDERED.

Date: 12/15/2022  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge